UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS MACKENZIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEBRA M. CORNEZ,<br><br>　　　　Defendant. | No.  2:15-cv-0380 KJM KJN P<br><br><br>ORDER |

Plaintiff is a civil detainee, proceeding pro se, in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  This order addresses plaintiff's request for leave to amend the complaint and plaintiff's request for "sanctions and ruling."  (ECF Nos. 12 & 14.)

	<u>Plaintiff's Request for Leave to Amend</u>

	Plaintiff filed his original complaint in this action on February 17, 2015.  (ECF No. 1.)  On August 21, 2015, the court found that service was appropriate for defendant Cornez.  (ECF No. 8.)  Plaintiff submitted the required service documents, and on September 8, 2015, the court directed the United States Marshal to serve process on defendant Cornez.  (ECF No. 10.)  On September 11, 2015, plaintiff filed a request for leave to file an amended complaint, along with a proposed amended complaint.  (ECF Nos. 12 & 12-1.)

////

1

Under Rule 15(a), a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a); <u>Allwaste, Inc. v. Hecht</u>, 65 F.3d 1523, 1530 (9th Cir. 1995). When plaintiff filed his first and only request for leave to amend the complaint, defendant Cornez had not yet been served with the complaint.[1] Accordingly, plaintiff's timely request for leave to amend will be granted nunc pro tunc, and this action shall proceed on the First Amended Complaint (FAC), ECF No. 12-1. Because defendant Cornez has already filed a motion to dismiss the FAC, <u>see</u> ECF No. 19, there is no need for plaintiff to serve the FAC on defendant.[2]

<u>Plaintiff's Request for Sanctions and Default Judgment</u>

Plaintiff also filed a "request for sanctions and ruling." (ECF No. 14.) In his motion, filed January 14, 2016, plaintiff requests that the court impose sanctions on defendant Cornez for failure to respond to the complaint within thirty days of the "court's order."[3] (<u>Id.</u> at 1.) Plaintiff asserts that because defendant did not respond to the complaint, the court should deem the matter submitted, address the merits of his complaint, and grant the requested injunctive relief. (<u>See id.</u>) In light of plaintiff's request, the court construes plaintiff's motion as a request for an entry of default and default judgment against defendant Cornez.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. <u>See</u> Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "A defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R.

---

[1] The court's review of the docket indicates that defendant Cornez was personally served with the summons and complaint on April 28, 2016. (<u>See</u> ECF No. 15.)

[2] In her motion to dismiss, defendant Cornez explains that although she was served with the original complaint, "[f]or the sake of judicial economy, the [motion to dismiss] responds to the FAC even though it was not served on the Defendant." ECF No. 19-1 at 7.

[3] Presumably plaintiff is referring to the court's September 8, 2015 order directing the United States Marshal to serve process within 14 days on defendant Cornez, ECF No. 10.

Civ. P. 12(a) (1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

In the instant case, the record reflects that defendant Cornez opted not to waive service under Rule 4(d).  Thus, defendant was personally served by the United States Marshal on April 28, 2016.  (See ECF No. 15.)  On May 19, 2016, defendant filed a timely motion to dismiss the First Amended Complaint under Rule 12(b).  (ECF No. 19.)  Because defendant's motion to dismiss was timely filed before an answer was due, see Rule 12(a)(1), the court finds no evidence that defendant Cornez failed to plead or otherwise defend this action.  Therefore, plaintiff is not entitled to an entry of default or default judgment against defendant Cornez.  For the same reasons, sanctions based on defendant's alleged failure to respond to the complaint are unwarranted.  Plaintiff's motion for "sanctions and ruling" will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to amend (ECF No. 12) is granted nunc pro tunc.  This action shall proceed on the First Amended Complaint (ECF No. 12-1), filed September 11, 2015.

2. Within thirty days of the date of service of this order, plaintiff shall file an opposition or statement of non-opposition to defendant's motion to dismiss the FAC (ECF No. 19).  Failure to comply with the court's order will result in a recommendation that this action be dismissed.  See Fed. R. Civ. P. 41(b).

3. Plaintiff's request for "sanctions and ruling" (ECF No. 14), construed as a request for sanctions and default judgment, is denied.

Dated:  September 16, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mack0380.amd.default